# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-20155
Summary Calendar

LARRY EDWIN RASCO

Plaintiff-Appellant

v.

JOHN POTTER, Postmaster General, United States Postal Service; THE
AMERICAN POSTAL WORKER'S UNION

Defendants-Appellees

LARRY RASCO

Plaintiff-Appellant

v.

JOHN POTTER, Postmaster General, United States Postal Service; THE
AMERICAN POSTAL WORKER'S UNION, AFL-CIO

Defendants-Appellees

LARRY RASCO

Plaintiff-Appellant

v.

UNITED STATES POSTAL SERVICE, through John Potter Post Master
General

Defendant-Appellee

No. 07-20155

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-34

---

Before WEINER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Larry Rasco appeals the district court's grant of summary judgment in favor of the United States Postal Service ("USPS") and the American Postal Workers Union ("Union"). For the following reasons, we AFFIRM.

## I. BACKGROUND

Appellant worked for USPS for twenty-eight years at the North Houston Mail Processing Center, where his final position was automation expediter. At all relevant times, Appellant was a member of the Union.

On September 9, 2002, USPS issued a notice of removal to Appellant for his alleged failure to follow instructions, including taking a break in the label room despite previous instructions to the contrary. The Union filed a grievance and pursued the matter to arbitration, where Arbitrator Stephen Dorshaw reduced the termination to a fourteen-day suspension. Arbitrator Dorshaw noted: "This is [Appellant's] final opportunity . . . since any subsequent Notice of Removal for future infractions of the same nature would clearly meet the 'progressive discipline' test."[1]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Under the collective bargaining agreement between USPS and the Union, any disciplinary actions are resolved under the concept of "progressive discipline," whereby the appropriate discipline depends in part upon the employee's disciplinary history. Thus, two employees charged with the same offense may receive different discipline depending upon their

On February 27, 2004, USPS issued Appellant a second notice of removal for failure to follow instructions. The Union filed a grievance and USPS agreed to expunge the February 27 removal. Subsequently, on June 9, 2004, USPS issued a third notice of removal for failure to follow instructions. Specifically, USPS charged Appellant with improperly lingering in the label room on April 21 and May 10, 2004. The Union filed a grievance on Appellant's behalf regarding the June 9, 2004 notice of removal. Appellant submitted a four-page written statement to the Union, which the Union incorporated in its written grievance to USPS. USPS denied the Union's written grievance, and the matter proceeded to arbitration.

The Union assigned National Advocate Billie Glazebrook to Appellant's case. The arbitration occurred on February 24, 2005 before Arbitrator Mark Sherman. Both USPS and the Union called witnesses, including Appellant. A prior arbitration award–sustaining a letter of warning from May 2000 for failure to follow instructions–was admitted through the testimony of a USPS witness. Appellant's four page statement, however, was not introduced at the arbitration hearing. The Union submitted a post-hearing brief that Appellant agrees contained all relevant arguments in support of his case. On April 23, 2005, Arbitrator Sherman issued an award upholding Appellant's termination, noting "the totality and persistence" of Appellant's misconduct and referring to Arbitrator Dorshaw's previous warning to Appellant.

Appellant then asked the Union to appeal Arbitrator Sherman's award. The Union declined to do so, and Appellant initiated this suit against USPS and the Union. On January 4, 2007, the district court granted summary judgment for USPS and the Union. Appellant moved for reconsideration which was denied on January 26, 2007.

---

disciplinary history.

## II. STANDARD OF REVIEW

This Court reviews de novo the district court's grant of summary judgment. Melton v. Teachers Ins. & Annuity Ass'n of Am., 114 F.3d 557, 559 (5th Cir. 1997). Summary judgment is appropriate only where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Clark v. America's Favorite Chicken Co., 110 F.3d 295, 297 (5th Cir. 1997).

## III. CLAIMS AGAINST UNITED STATES POSTAL SERVICE

Appellant argues that USPS discriminated against him on the basis of race and in retaliation for prior equal employment opportunity ("EEO") activity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e et seq. ("Title VII") and, thereby, violated his due process rights.[2] We address each claim below.

A. Race Discrimination

Appellant is a white male. Appellant argues that he was discriminated against when: (1) from July 26, 2002 through September 11, 2002, he was issued instructions not to miss any dispatches and was not allowed to sit by the telephone located next to the dispatches; (2) on September 9, 2002 he was issued a notice of removal; and (3) on June 9, 2004 he was issued a notice of removal. Appellant's main argument is that he was treated more harshly than two Hispanic employees when all three were disciplined for ignoring instructions regarding usage of the label room, but only he was removed from his position and placed on leave without pay.

To establish a prima facie case of race discrimination, Appellant must establish that he was a member of a protected class, qualified for the position

---

[2] Appellant mentions sex and age discrimination without any supporting argument. However, as the administrative law judge and district court found, Appellant abandoned his claims of sex and age discrimination during his deposition. Therefore, we need not address those claims.

from which he was discharged, subjected to an adverse employment action, and treated less favorably than similarly situated individuals who were not members of his protected class. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Vaughn v. Edel, 918 F.2d 517, 521 (5th Cir. 1990). Appellant cannot establish a prima facie case because the evidence does not show that he was treated differently than similarly situated employees. All relevant employees were given the same instructions regarding timely handling of dispatches and not using the label room for breaks. Furthermore, while the Hispanic employees received a lesser punishment, they did not have Appellant's lengthy record of prior misconduct. Therefore, they are not similarly situated to Appellant, and Appellant fails to establish a prima facie case of race discrimination.

B. Retaliation

In addition to challenging USPS's disciplinary actions through the grievance process, Appellant also filed EEO complaints. Specifically, Appellant filed complaints alleging discrimination based upon race, age, sex, and retaliation regarding: a pre-disciplinary interview from April 2002 (which did not result in discipline), the September 2002 notice of removal, and the June 2004 notice of removal. The former complaint was resolved by an agreement between USPS and Appellant, and in the latter two complaints an administrative law judge found in favor of USPS. Appellant argues that he was discriminated against in retaliation for pursuing his EEO claims.

To establish a prima facie case of unlawful retaliation under Title VII, Appellant must show: "(1) that he engaged in an activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action." Washburn v. Harvey, 504 F.3d 505, 510 (5th Cir. 2007). The district court found no evidence of a causal link between Appellant's protected

activity and adverse employment action.  We agree.  There is no evidence that Appellant's supervisors were aware of his prior EEO activity.  While only fourth months elapsed between the September 2002 notice of removal and Appellant's prior EEO complaint, this temporal proximity standing alone is not sufficient evidence of causation.  See Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273-74 (2001).  Therefore, Appellant's retaliation claim is without merit.[3]

C. Denying Appellant's Motion was not an Abuse of Discretion

Finally, Appellant argues that the district court erred when it denied his motion to allow an untimely response to USPS's motion for summary judgment.  We review the district court's determination for abuse of discretion.  Adams v. Travelers Indem. Co. of Conn., 465 F.3d 156, 161 (5th Cir. 2006).  Federal Rule of Civil Procedure 6(b)(1) grants a district court discretion to allow untimely responses where "the party failed to act because of excusable neglect."  Here, the district court granted Appellant three extensions of time to file his response before denying his untimely fourth motion.  We hold that this ruling was not an abuse of discretion.

IV. CLAIM AGAINST AMERICAN POSTAL WORKERS UNION

We now turn to Appellant's claim that the Union breached its duty of fair representation.  Appellant argues that the Union's representation was deficient because it did not introduce his four-page written statement at the arbitration, and it permitted introduction of the prior arbitration award.[4]  In

---

[3] Appellant also presents a procedural due process claim against USPS based upon the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 7501 et seq.  However, the CSRA is not applicable in the instant case because it governs appeals before the Merit Systems Protection Board and Appellant did not pursue such an appeal.  Therefore, Appellant's claim lacks merit.

[4] Appellant briefly asserts a due process claim against the Union.  However, as the district court noted, the Union is not a state actor and therefore not subject to the Fifth and Fourteenth Amendments.  See Nat'l Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191 (1988).

response, the Union argues that Appellant's written statement did not need to be introduced because its contents were reflected in Appellant's testimony and post-hearing brief. Furthermore, the Union argues that USPS introduced the prior arbitration award to attack Appellant's credibility, and the arbitrator controlled its admissibility.

When considering the duty of fair representation by a union, "[t]he critical question is whether [the] union's conduct was arbitrary, discriminatory, or in bad faith, so that it undermined the fairness or integrity of the grievance process." Landry v. The Cooper/T. Smith Stevedoring Co., 880 F.2d 846, 852 (5th Cir. 1989). We agree with the Union that it fully and fairly represented Appellant through the grievance process, both before and during the arbitration. There is no evidence to suggest that the Union's conduct was arbitrary, discriminatory, or in bad faith.

Additionally, we agree with the district court that the Union's refusal to sue to vacate the award did not violate the duty of fair representation. Appellant's relationship with the Union is rooted in contract, and the Union Agreement provides that the Union does not have to sue to vacate an award unless the Union determines that the award was without a factual basis and contrary to the Union Agreement. The Union acted well within its contractual discretion. Therefore, the Union did not breach its duty of fair representation.

## V. CONCLUSION

In light of the foregoing, the judgment is AFFIRMED in all respects.