# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40363
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2014

Lyle W. Cayce
Clerk

ANTHONY AGEE, Also Known as Tony,

Plaintiff–Appellant,

versus

CITY OF MCKINNEY, TEXAS; CHIEF DOUG KOWALSKY;
WILLIAM R. ROLAND, Also Known as Randy,

Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CV-550

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Anthony Agee sued the City of McKinney and two Police Department

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40363

officials ("the City") after the City terminated his employment as a police officer. He appeals a summary judgment for the City, a denial of his motion for additional time to obtain discovery, and a denial of his motion to file an out-of-time response to the City's motion for summary judgment. We affirm.

I.

Only a brief description of the facts and procedural history is needed. The City dismissed Agee after two internal investigations found he had engaged in misconduct. He alleges the City fired him because of his involvement in the Fraternal Order of Police union. He sued, claiming violations of the U.S. Constitution, the Texas Constitution, and the Texas Labor Code.

The City moved for summary judgment on July 12, 2013. Agee's response was due July 29, and discovery was due September 23. On September 17, Agee moved to strike the City's affirmative defenses. On September 24, he requested a ninety-day extension of all deadlines, explaining that the City had filed serial supplements to its motion and citing the health problems and relocation of one of his lawyers.

The magistrate judge ("MJ") extended the deadline for responding to the City's motion until October 11 but denied any other extension, noting that the City had filed only one supplement, that Agee had already obtained multiple extensions, and that he had requested the extension after the July 29 deadline. On October 9, Agee moved for reconsideration based on the health problems and involvement in another case of one of his lawyers. The MJ granted his request in part, extending the deadline until October 18.

On October 14, Agee filed objections to the City's motion and another motion to strike but filed no response. On October 16, the MJ denied Agee's motion and stayed discovery pending disposition of the motion. The same day, Agee filed another set of objections to the motion and another motion to strike,

2

No. 14-40363

but he still filed no response. On October 18, the deadline for his response, he attempted to file two motions for a continuance, but the clerk's office rejected them as deficient. On October 21, Agee attempted to file another such motion, but the clerk's office again rejected it as deficient.

On October 23, Agee moved for additional time to obtain discovery on the ground that four police officers he had expected to provide affidavits now refused to do so without subpoenas because of fear of retaliation. On October 25, he moved for leave to file an out-of-time response to the City's motion, citing the health problems and family issues of one of his lawyers. The MJ denied his requests and, after analyzing the merits in detail, recommended summary judgment. The district court adopted the MJ's report and recommendation.

## II.

It is unclear from Agee's brief whether he is challenging the merits of the summary judgment. His jurisdictional statement says he is appealing from three adverse rulings, the first of which is the "Report and Recommendations of The U.S. Magistrate Judge . . . to grant Summary Judgment." By contrast, his statement regarding oral argument and statement of the issues, which are identical, refer to "[t]his appeal from the Summary Judgment granted in favor of Defendants based upon the denial of" the two procedural motions.

If Agee is disputing the merits, he has inadequately briefed the issue. Most of his brief is a lengthy summary of the facts and procedural history, including a nine-page affidavit presenting his version of the events. There is no discussion of or citation to the U.S. Constitution, the Texas Constitution, or the Texas Labor Code, which provide the basis for his suit. Nor does he offer any reason the court was incorrect on the merits. Accordingly, he has waived

No. 14-40363

any issue related to the merits.[1]

### III.

"We review the district court's decision to preclude further discovery prior to granting summary judgment for abuse of discretion." *Krim v. Banc-Texas Grp., Inc.*, 989 F.2d 1435, 1441 (5th Cir. 1993). A court can postpone ruling on a motion for summary judgment or to allow time for additional discovery "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d). A party seeking a continuance must have diligently pursued the discovery, *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992), and "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion," *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (quoting *C.B. Trucking, Inc. v. Waste Mgmt., Inc.*, 137 F.3d 41, 44 (1st Cir. 1998)) (internal quotation mark omitted). "Such motions are broadly favored and should be liberally granted." C*ulwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).

Agee has not diligently pursued the discovery. As of the time of the motion for summary judgment, the deadline for his response was July 29, and the deadline for discovery was September 23. He filed nothing until September 17, when he moved to strike the City's defenses. Between September 18

---

[1] *See, e.g.*, FED. R. APP. P. 28(a)(8) (requiring statement of standard of review, argument, and citations to authorities); *United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000) (waiver for failure to include argument in statement of issues or body of brief); *L&A Contracting Co. v. S. Concrete Servs., Inc.*, 17 F.3d 106, 113 (5th Cir. 1994) (waiver for failure to cite authority); *United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992) (per curiam) (waiver for failure to make any argument).

No. 14-40363

and October 22, Agee filed two motions to extend deadlines and two other motions,[2] but none of these filings discussed his alleged difficulties in obtaining the affidavits. He finally filed his Rule 56(d) motion on October 23, eighty-six days after the initial July 29 deadline and five days after the extended October 18 deadline. Moreover, Agee provided no information regarding his efforts to obtain discovery from the officers, such as a log of communications or even a statement of when he contacted them. Contrary to Agee's suggestion, the October 16 stay of discovery has little relevance—the MJ issued the stay only two days before the extended deadline, and it has no bearing on Agee's failure to seek discovery for the several months preceding it. Given Agee's lack of diligence, denying his Rule 56(d) motion was not an abuse of discretion.[3]

## IV.

We review for abuse of discretion a decision not to allow an extension of time to file a response to a motion for summary judgment. *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 (5th Cir. 2006). A court can grant an extension on motion after a deadline has expired "if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). In evaluating "excusable neglect," a court considers "(1) the possibility of prejudice to the other parties, (2) the length of the applicant's delay and its impact on the proceeding, (3) the reason for the delay and whether it was within the control of the movant, and (4) whether the movant has acted in good faith." *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012) (quoting CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1165 (3d ed. 1998)) (internal quotation marks

---

[2] Agee attempted to file other documents, but they were rejected by the clerk's office as deficient.

[3] *See, e.g.*, *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 605–06 (5th Cir. 2001) (no diligence where party waited several months to depose witnesses).

omitted).

The second and third factors strongly weigh against an extension. The deadline for Agee to respond to the motion for summary judgment was July 29. Agee filed nothing until September 17 and waited until October 25 to file his response. That was eighty-eight days after the initial July 29 deadline and seven days after the extended October 18 deadline. Agee alleges the health problems and family issues of one of his lawyer's prevented him from filing a timely response. But Agee had two other lawyers who could have stepped in to meet the deadline, and they had ample opportunity to do so in light of the numerous extensions the MJ allowed. As a result, denying yet another extension was not an abuse of discretion.[4]

AFFIRMED.

---

[4] *See, e.g.*, *Rasco v. Potter*, 265 F. App'x 279, 283 (5th Cir. 2008) (per curiam) (finding no excusable neglect where party missed deadline despite multiple extensions).