**REVISED March 28, 2016**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10087

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2016

Lyle W. Cayce
Clerk

PERRY J. LUIG,

  Plaintiff - Appellee

v.

NORTH BAY ENTERPRISES, INCORPORATED,

  Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before HIGGINBOTHAM, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

North Bay Enterprises entered into a contract to purchase a helicopter from Perry J. Luig. The parties dispute whether Luig breached the contract by failing to deliver a helicopter that met the specifications of the purchase agreement. Below, the district court effectively granted summary judgment in favor of Luig by dismissing North Bay's breach of contract counterclaim with prejudice. The district court then denied North Bay's motion to alter the judgment or to amend its pleadings according to Federal Rules of Civil Procedure 59(e). North Bay timely appealed. Because we find that the district

No. 15-10087

court abused its discretion when denying North Bay's 59(e) motion, we vacate the denial of summary judgment and dismissal of North Bay's counterclaim.

**I.**

On September 11, 2012, North Bay signed an Aircraft Purchase Agreement to purchase Luig's helicopter for $110,000. According to the Agreement, following a "pre-purchase inspection," Luig would deliver the helicopter "with all systems in an airworthy condition and a current Certificate of Airworthiness," and North Bay would accept the aircraft in an "as is where is" condition. The airworthiness certificate that accompanied the Agreement identified the helicopter as a type "47 G3B1." North Bay asserts that the aircraft was not a type 47 G3B1 due to removal of the turbo charger and other modifications that occurred prior to the sale. Because the aircraft was to be flown in the United States, it was also subject to Federal Aviation Administration regulations and airworthiness directives, including Airworthiness Directive "80-04-04." However, as noted by North Bay and the district court, there was no evidence that the aircraft was in compliance with the directive. Compliance with Directive 80-04-04, including the proper recording of compliance, is necessary to be legally airworthy. Following the pre-purchase inspection and several repairs, Luig delivered the aircraft to North Bay.

After being alerted to North Bay's concerns that the helicopter was not airworthy, Luig filed a declaratory judgment action in state court. North Bay removed Luig's declaratory judgment action to federal court and asserted a counterclaim for breach of contract. North Bay then filed a motion for summary judgment on its breach of contract counterclaim. In its brief accompanying the motion, North Bay alleged that Luig breached the contract because the airworthiness certificate specified a different type of helicopter and because the helicopter was not airworthy given that it was not in compliance

2

with Directive 80-04-04.  North Bay did not brief any of the other elements of the contract counterclaim.

The district court denied North Bay's motion for summary judgment and effectively granted sua sponte summary judgment for Luig by dismissing North Bay's contract counterclaim and addressing Luig's request for declaratory relief.  The district court held that North Bay's contract counterclaim failed as a matter of law because North Bay did not reject or revoke the helicopter, and under Texas law, "damages are only permitted under a breach of contract cause of action when the seller has failed to deliver the goods, the buyer has rejected the goods, or the buyer has revoked his acceptance."  As for Luig's declaratory relief, the district court found that the "as is" provision contained in the Agreement did not disclaim the express warranty that the helicopter was airworthy and that the helicopter was not airworthy as a matter of law.

North Bay then filed a motion to alter the judgment according to Federal Rule of Civil Procedure 59(e), or in the alternative, to amend the counterclaim.  In its brief in support of this motion, North Bay argued that whether a buyer rejected or revoked a good is an issue for the trier of fact and that a buyer "may also revoke acceptance where goods are accepted without knowledge of a non-conformity and acceptance was reasonably induced either by the difficultly of discovery before acceptance or by the seller's assurance."  As to this argument, North Bay presented the following evidence for the first time in its motion to alter the judgment:  Achim K. Gartmann, the pilot who accepted the helicopter, heard a noise on his way back to California.  Upon returning to California, he took the helicopter to an aviation repair shop to investigate the issue.  Following that meeting, he continued to investigate the noise and the airworthiness of the helicopter, finding that nothing in the helicopter's logs showed compliance with Directive 80-04-04.  North Bay emailed Luig about

No. 15-10087

the problem and proposed that North Bay make the helicopter compliant at Luig's expense.  After receiving the estimated costs, Luig made a partial offer of contribution with a deadline that expired.  Luig then filed his declaratory judgment action.

Without acknowledging this newly presented evidence in its order, the district court denied North Bay's 59(e) motion to alter the judgment or to amend its pleadings.  On appeal, the parties do not dispute that the Agreement was a valid contract or that Texas law governs the contract dispute.[1]  Instead, North Bay appeals the district court's effective sua sponte grant of summary judgment for Luig, without providing notice or allowing North Bay to respond, and the denial of its 59(e) motion to alter the judgment or amend the counterclaim to include a breach of warranty claim.

## II.

### A.

North Bay challenges the district court's dismissal of North Bay's counterclaim as improper.  We treat this dismissal as a sua sponte grant of summary judgment for Luig.  A court may grant summary judgment for a nonmovant only if the losing party is on notice and has the opportunity to come forward with all its evidence.  *See* Fed. R. Civ. P. 56 (f)(1), (3); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).  When a district court enters summary judgment sua sponte without giving notice to the parties, we review the decision for harmless error.  *Atkins v. Salazar*, 677 F.3d 667, 678 (5th Cir. 2011).  However, "a district court can 'rectif[y] [this] initial procedural error' by ruling on a motion for reconsideration."  *Simmons v. Reliance Standard Life Ins. Co. of Tx.*, 310 F.3d 865, 869 n.4 (5th Cir. 2002) (alterations in original)

---

[1] The Agreement contains a choice-of-law provision contracting for Oklahoma law to govern all actions.  The district court applied Texas law because "both parties [brought] claims under Texas law and neither invoke[d] Oklahoma law."

No. 15-10087

(quoting *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 402 (5th Cir. 1998)).

The district court dismissed North Bay's contract counterclaim because North Bay did not show that it had rejected or revoked the helicopter—an element of Texas contract law not briefed by either party. The district court did not give North Bay notice or the opportunity to respond. *See Celotex*, 477 U.S. at 326. We would typically review this action for harmless error,[2] *see Atkins*, 677 F.3d at 678, but because the district ruled on North Bay's 59(e) motion for reconsideration, which gave North Bay the opportunity to present all of its arguments and evidence in support of the contract counterclaim, the procedural defect of the district court's effective sua sponte grant of summary judgment was cured, *see Simmons*, 310 F.3d at 869 n.4.

B.

North Bay also challenges the district court's denial of its 59(e) motion. "The applicable standard of review of the denial of the [moving party's] motion to alter, amend, and reconsider is dependent on whether the district court considered the materials attached to the [moving party's] motion, which were not previously provided to the court." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004). If the district court considers the moving party's evidence and still grants summary judgment, we review the decision de novo. *Id.* However, if the district court does not consider the evidence, the appropriate standard of review is abuse of discretion. *Id.* "[I]n the absence of any specific reference to these materials, we review the district court's denial

---

[2] We recognize that "where the party against whom summary judgment is granted moves for reconsideration under Fed. R. Civ. P. 59(e), but does *not*, in that motion, challenge the procedural propriety of the summary judgment ruling, our court has reviewed the asserted procedural irregularity, raised for the first time on appeal, *only* for plain error." *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 771 (5th Cir. 2000). However, North Bay raised this procedural challenge in its 59(e) motion.

of the [moving party's] Rule 59(e) motion for abuse of discretion, *i.e.*, as if the district court did not consider the additional materials." *Id.* The district court likely did not consider North Bay's newly presented evidence when denying the 59(e) motion; the court simply held that it perceived "no manifest errors of law" to support a 59(e) motion to reconsider. Therefore, we review the district court's denial of North Bay's 59(e) motion for abuse of discretion.

There are several factors that the district court should have considered when determining whether to grant North Bay's 59(e) motion: (1) the probative value of the evidence, (2) whether the evidence was available to North Bay at the time of the summary judgement motion, (3) the reason that North Bay did not present the evidence before summary judgment was effectively granted, and (4) potential prejudice to Luig. *See Templet*, 367 F.3d at 478. The district court denied North Bay's motion to reconsider without acknowledging its additional evidence, citing the fact that 59(e) is "an extraordinary remedy that should be used sparingly," and stating that evidence is not newly discovered if the party "could have pursued discovery earlier by proper diligence or asked the court for additional time but did not." We disagree with the district court's analysis.

Under Texas law, "damages are only permitted under a breach of contract cause of action when the seller has failed to deliver the goods, the buyer has rejected the goods, or the buyer has revoked his acceptance." *A.O. Smith Corp. v. Elbi S.P.A.*, 123 F. App'x 617, 619 (5th Cir. 2005). Because North Bay had not "assert[ed] that it rejected or revoked acceptance of the helicopter" and the uncontested facts confirmed delivery and acceptance of the helicopter, the district court found that North Bay's contract counterclaim failed as a matter of law. However, in its 59(e) motion, North Bay correctly recognized that under Texas contract law a buyer may revoke acceptance of a good if the good was accepted without knowledge of a nonconformity and

"acceptance was reasonably induced either by the difficultly of discovery before acceptance or by the seller's assurance." *Toshiba Mach. Co., Am. v. SPM Flow Control, Inc.*, 180 S.W.3d 761, 772 (Tex. App.—Fort Worth 2005, pet. granted, judgm't vacated w.r.m.).  The buyer must revoke the good within a reasonable time after discovering the grounds for revocation.  *Id.*

North Bay's newly presented evidence is probative of a finding of revocation under Texas contract law.  North Bay presented evidence that when it discovered that the helicopter may not be in compliance with Directive 80-04-04, North Bay contacted Luig and proposed a solution.  *See Emerson Elec. Co. v. Am. Permanent Ware Co.*, 201 S.W.3d 301, 309 (Tex. App.—Dallas 2006, no pet.) (holding that when a buyer informed a seller of ongoing failures and requested reimbursement, the seller was on notice of revocation).  North Bay also presented evidence that it did not use the helicopter following discovery of noncompliance.  *See Trident Steel Corp. v. Wiser Oil Co.*, 223 S.W.3d 520, 527 (Tex. App.—Amarillo 2006, no pet.) (recognizing that a buyer's continued use of a good may preclude rejection or revocation, but holding that the buyer must use the good with knowledge of the nonconforming nature to preclude rejection under Texas law).  Under Texas law, the evidence presented by North Bay in its motion for reconsideration is probative as to whether North Bay rejected or revoked the helicopter—the only grounds upon which the district court dismissed North Bay's counterclaim.

The next factor the district court should have considered when determining whether to grant the 59(e) motion—the reason North Bay did not present the evidence of revocation with its original summary judgment motion—also favors North Bay.  This court has held that "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479.  While the district court noted this principle, it did not recognize the

qualification that the failure to present the evidence be "unexcused." Although North Bay likely had access to the evidence presented in the 59(e) motion at the time it filed its summary judgment motion, North Bay's failure to present the evidence was excusable because the district court did not give North Bay the opportunity to present this evidence before effectively granting summary judgment for Luig. In its brief in support of its summary judgment motion, North Bay did not present any evidence regarding revocation or rejection, nor did Luig argue that revocation or rejection did not occur in its brief in opposition. Instead, the district court addressed the issue sua sponte, without putting North Bay on notice of the issue or allowing North Bay the opportunity to respond.

Finally, Luig would not have been unfairly prejudiced by the district court's consideration of this evidence. Had the district court allowed North Bay to respond to its proposed issuance of summary judgment, the evidence would have been properly in front of the district court. Allowing the evidence to be presented with the 59(e) motion would have only rectified that mistake. Moreover, Luig has not alleged that he would be unfairly prejudiced if the case was reopened, when presumably Luig would be given the opportunity to present contradicting evidence.

There are "two important judicial imperatives relating to [a 59(e)] motion: 1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of *all* the facts." *Templet*, 367 F.3d at 479 (emphasis added). Because North Bay presented probative evidence in its 59(e) motion, and the district court failed to give North Bay an opportunity to respond before it effectively granted sua sponte summary judgment for Luig by dismissing North Bay's counterclaim, the district court abused its discretion when it denied North Bay's motion to reconsider.

8

No. 15-10087

## III.

For the foregoing reasons, we REVERSE the district court's denial of North Bay's 59(e) motion, VACATE the dismissal of North Bay's contract counterclaim and denial of summary judgment, and REMAND for the district court to consider the merits of North Bay's newly presented argument and evidence. Because we vacate the judgment on these grounds, we do not reach North Bay's alternative argument that the district court abused its discretion by denying it leave to amend its counterclaim.