# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30160
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 22, 2017

Lyle W. Cayce
Clerk

NANDINI VASUDEVAN,

Plaintiff - Appellant

v.

ADMINISTRATORS OF TULANE EDUCATIONAL FUND, incorrectly designated as Tulane University; MICHAEL A. BERNSTEIN; NICHOLAS ALTIERO,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-284

Before STEWART, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Nandini Vasudevan did not receive tenure at Tulane University and subsequently brought suit claiming  discrimination based on race, gender, and national origin and retaliation under Title VII of the Civil Rights Act, and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30160

conspiracy to violate her civil rights under 42 U.S.C. § 1985(3).  After repeated failure to timely or properly file her opposition to summary judgment,[1] the district court struck her opposition and granted summary judgment in favor of Defendants-Appellees.  We AFFIRM.

## I.    BACKGROUND

Vasudevan was a tenure-track assistant professor of cell and molecular biology at Tulane University's School of Science and Engineering.  Her nation of origin is India.    Tulane's tenure-review process includes a midpoint evaluation after three years with an ultimate decision on tenure made after a full review in the candidate's the sixth year.    The review process is standardized and laid out in the Tulane University Faculty Handbook.

In 2011, Vasudevan's third-year review was unfavorable.  In particular, the review noted a lack of scholarly articles published.  It stated that she had not published any scholarly paper after arriving at Tulane, and Vasudevan received an explicit warning to increase her rate of publication.  Yet, her lack of publications persisted.  All told, there was a five-year gap during which Vasudevan published no scholarly papers.

Tulane's tenure review culminates in a multi-step process.  First, a candidate receives an initial review by the tenured faculty in her department.  Next, the School-wide Promotion and Tenure Committee, a body elected from the tenured faculty, reviews the candidate's application and makes a recommendation to the dean of the candidate's college.  The dean evaluates the committee's recommendation and makes his own recommendation to the University Provost.  The Provost then evaluates the candidate's file and the prior recommendations before making an ultimate determination of whether

---

[1] After repeated delays, Plaintiff-Appellant hand-delivered a copy of the opposition to the district court's chambers, two days past the last granted extension, and without complying with the court's electronic filing requirements.

to grant tenure. A feature of the tenure review process is an examination of the candidate's research, which includes letters solicited from anonymous experts in the candidate's field outside of Tulane. These experts evaluate a candidate's research productivity and quality.

In 2013, six tenured faculty members in Tulane's Cell and Microbiology Department recommended Vasudevan's promotion. Next, the School-wide Committee reviewed her file, including six external review letters. Some of the letters were favorable, but several were critical of her lack of scholarly publications. After its review of Vasudevan's record, the School-wide Committee voted six-to-one against recommending Vasudevan's tenure and promotion. The School-wide Committee's letter noted its concern about Vasudevan's long gap without any publications and stated that "the majority of the Committee was not convinced that [her] recent surge in publications is a predictor of future productivity rather than a last-minute temporary spurt." Ultimately, the School-wide Committee concluded that "[Vasudevan's] productivity and quality of work did not meet the standards for promotion and tenure at Tulane." Dean Nicholas Altiero agreed with the School-wide Committee's decision not to grant tenure. Although he noted Vasudevan's satisfactory "teaching and service," he found that "in the area of research . . . Dr. Vasudevan does not meet the standards that are expected for promotion." University Provost Michael Bernstein made the decision not to grant Vasudevan tenure, again citing the multi-year gap in scholarly publications as the primary reason. Bernstein informed Vasudevan of his decision via letter on August 8, 2014. Vasudevan did not appeal the denial of tenure.

About seven months after the denial of tenure, Vasudevan filed two grievances: one with the Faculty Grievance Committee and the second with the Office of Institutional Equity. She claimed that the decision not to grant

No. 17-30160

her tenure was discriminatory. The grievances were investigated, but the investigation, which took several months to complete, eventually concluded that there was no evidence of discrimination.

## II.     PROCEDURAL HISTORY

Vasudevan filed suit in federal district court against Administrators of Tulane Educational Fund, Bernstein, and Altiero (collectively "defendants"). She brought discrimination claims under Title VII based on race, gender, and national origin. She also alleged retaliation under Title VII, asserting that Tulane intentionally delayed the investigation into the internal grievances she filed in an attempt to harm her work and force her to leave Tulane. Finally, Vasudevan claimed Bernstein and Altiero engaged in a conspiracy to violate her civil rights in contravention of 42 U.S.C. § 1985(3) by impeding hearings into grievances filed by Vasudevan and by refusing to release the identity of the anonymous experts.

On January 17, 2017, defendants filed a motion for summary judgment. Vasudevan had an original deadline of January 24, 2017 to file her opposition to the motion for summary judgment. On January 20, 2017, Vasudevan requested a thirty-day extension of time to respond. The district court granted a fourteen-day extension—to February 7, 2017—and set a hearing with oral argument for February 15, 2017. Vasudevan failed to file her opposition motion by the extended deadline. Instead, on February 8, 2017, she filed a motion for leave to file an out-of-time opposition. The district court granted the motion, setting noon on February 13, 2017, as the new deadline to file her opposition.

Again, Vasudevan did not comply with the district court's directive. Rather than filing her opposition, on February 13, 2017, Vasudevan filed a motion for leave to file her opposition and exhibits under seal and a motion for leave to file an opposition in excess of twenty-five pages. The clerk of court

found the motions deficient, and neither contained a proposed opposition memorandum as an attachment. Defendants aver that the first time they received a copy of her opposition was when Vasudevan's counsel emailed it on February 14, 2017, at 6:00 PM. The email did not contain any exhibits. Defendants were later hand-delivered a copy of the opposition with exhibits on the afternoon of February 15, 2017. On February 15, 2017, Vasudevan also hand-delivered a copy of the opposition to the district court's chambers but never electronically filed the opposition with the clerk of court. Therefore, the opposition is not contained in the record on appeal.

That same day, defendants filed a motion to strike the opposition and a motion to expedite submission of its motion to strike. Two days later, on February 17, 2017, the district court granted defendants' motion to strike Vasudevan's opposition. Then, treating defendants' motion for summary judgment as unopposed, the district court granted summary judgment. On the same day the district court granted summary judgment, Vasudevan filed a Rule 59(e) motion for reconsideration and a motion to expedite. The district court denied Vasudevan's motion for reconsideration on February 23, 2017. This appeal followed.

## III.   DISCUSSION

Vasudevan claims that the district court abused its discretion by striking her untimely opposition and denying her motion for reconsideration. We disagree for the reasons that follow.

No. 17-30160

## A. Grant of Motion to Strike Opposition

We review a district court's ruling on a motion to strike for an abuse of discretion.[2] *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007).

It is uncontested that Vasudevan's counsel failed to file her opposition timely despite two extensions of time.  Indeed, the opposition was never filed with the clerk of court and is not contained in the record.[3] *See Rasco v. Potter*, 265 F. App'x 279, 283 (5th Cir. 2008) (per curiam) (no abuse of discretion in denying a motion to allow an untimely opposition to summary judgment where the court had granted three prior extensions of time); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 (5th Cir. 2006) (no abuse of discretion where the district court refused to consider an untimely response to summary judgment where the district court granted two extensions and the plaintiff failed to show excusable neglect); *Nelson v. Star Enter.*, No. 99-30976, 2000 WL 960513, at *1 (5th Cir 2000) (unpublished) (per curiam) (no abuse of discretion in refusing to consider evidence contained in untimely opposition to summary judgment and granting summary judgment on race discrimination and retaliation claims).

Vasudevan has failed to demonstrate any "excusable neglect" for the late filing.  *See Adams*, 465 F.3d at 161.  Vasudevan's counsel admits that "[t]he opposition was substantially completed and could have been electronically filed

---

[2] Vasudevan incorrectly refers to the district court's action as a dismissal of her case with prejudice due to her failure to timely file her motion in opposition.  Rather, the district court struck her opposition to summary judgment and, treating the motion for summary judgment as uncontested, granted summary judgment in favor of defendants.

[3] This court generally may not consider evidence outside the record on appeal.  *See McIntosh v. Partridge*, 540 F.3d 315, 327 (5th Cir. 2008); *In re GHR Energy Corp.*, 791 F.2d 1200, 1201 (5th Cir. 1986) (per curiam).  Moreover, Vasudevan has not requested to supplement the record pursuant to Federal Rule of Appellate Procedure 10(e).  *See In re GHR*, 791 F.2d at 1201.  Vasudevan's opposition and the 800 pages of exhibits attached to it are thus not before this court.

No. 17-30160

by noon on Monday February 13, 2017, in compliance with the court's order," but he instead found it necessary to file a motion to seal opposition that "was deemed deficient because it was unaccompanied by the pleading." Although Vasudevan's counsel insists that Vasudevan was not responsible for the late filing, "[a] court may hold a party accountable for the acts and omissions of its counsel." *Silvercreek Mgmt., Inc. v. Banc of Am. Secs., LLC,* 534 F.3d 469, 472 (5th Cir. 2008).[4]

Therefore, the district court did not abuse its discretion in granting defendants' motion to strike. *See Cambridge Toxicology Grp.*, 495 F.3d at 178.

## B. Denial of Motion to Alter or Amend the Judgment

Our court reviews the district court's denial of a motion to alter or amend the judgment for abuse of discretion. *Luig v. N. Bay Enters., Inc.*, 817 F.3d 901, 905–06 (5th Cir. 2016). "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations and internal quotations omitted). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Vasudevan argues that the district court erred in denying her motion to alter or amend the judgment. Her motion details the circumstances surrounding her failure to timely file her opposition and requests leave of the

---

[4] Vasudevan also briefly argues that the district court's decision to strike her opposition deprived her of due process. Due process requires that a party have notice and the opportunity to present its objections. *See Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988). Vasudevan had notice and multiple opportunities to present her arguments, but failed to do so.

court to file the untimely opposition.[5]  Her motion to reconsider does not "clearly establish either a manifest error of law or fact," *Schiller*, 342 F.3d at 567,  and the circumstances surrounding the late filing were known to Vasudevan, who could have responded to the defendant's motion to strike but did not.  We perceive no abuse of discretion in the district court's denial of Vasudevan's motion for reconsideration.  *See Luig*, 817 F.3d at 905–06.

### C. Grant of Summary Judgment

We review a grant of summary judgment de novo.  *Wiltz v. Bayer CropScience, Ltd. P'ship*, 645 F.3d 690, 694 (5th Cir. 2011).  Although a district court may not grant summary judgment simply because a party's motion is unopposed, "[i]f a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c)," then "the [district] court may . . . consider the fact undisputed for the purposes of the motion [and] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."  Fed. R. Civ. P. 56(e); *see also Calais v. Theriot*, 589 F. App'x 310, 311 & n.4 (5th Cir. 2015) (per curiam).

Having reviewed the defendants' motion for summary judgment, as well as the supporting evidence, we conclude that the district court did not err in granting summary judgment.  Vasudevan has failed to establish a prima facie case that her tenure was denied due to any discriminatory intent.  *See Tanik v. S. Methodist Univ.*, 116 F.3d 775, 776 (5th Cir. 1997) (per curiam) (listing elements).  Nor has she rebutted defendant's proffered non-discriminatory reason for denying tenure: her lack of publication productivity.  The record also

---

[5] Vasudevan's purported motion for reconsideration may more properly be construed as a motion for leave to file an out of time opposition.  *See* Fed. R. Civ. P. 6(b)(2).  If so construed, the district court did not abuse its discretion in denying the motion because Vasudevan did not demonstrate excusable neglect.  *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 (5th Cir. 2006).

supports granting summary judgment on Vasudevan's retaliation claim because she has not provided evidence that any delay in her grievance procedure—which was ultimately completed—was retaliatory. Additionally, Vasudevan has not rebutted defendants' explanation that Vasudevan took considerable time to provide evidence to the investigation and that the investigation's length was necessary to fully evaluate her claims. Finally, the record does not show evidence of an agreement between Bernstein and Altiero, which is a necessary element of a conspiracy to violate civil rights under 42 U.S.C. § 1985(3). *See Green v. State Bar of Tex.*, 27 F.3d 1083, 1089 (5th Cir. 1994).

Accordingly, the uncontroverted evidence presented by defendants was sufficient to support summary judgment. *See Wiltz*, 645 F.3d at 694.

## IV.    CONCLUSION

For the foregoing reasons, we AFFIRM the district court.