# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 4, 2024

Lyle W. Cayce
Clerk

No. 23-50258

Symon Mandawala,

*Plaintiff—Appellant*,

*versus*

Baptist School of Health Professions, All Counts,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CV-1415

Before Richman, *Chief Judge*, and Oldham and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Symon Mandawala appeals the grant of summary judgment in favor of Baptist School of Health Professions (BSHP) on his claims of intentional sex discrimination under Title IX of the Education Amendments of 1972 (Title IX) and breach of contract. He also appeals the denial of his motion for reconsideration of the judgment. We affirm.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

## I.

Mandawala was enrolled in the medical sonography program at BSHP. After he failed to graduate, he sued BSHP and others asserting various claims, including sex discrimination under Title IX and breach of contract. He alleges that a female clinical instructor treated him differently than the female students, gave him negative performance evaluations because of his sex, told him the sonography program was better suited for women, and requested he be transferred to another clinical site in exchange for a female student. He also alleges that BSHP breached its contract with him by failing to provide the necessary equipment and instruction to complete the program and by changing course requirements without notice.

After the district court dismissed all claims except for the breach of contract and sex discrimination claims against BSHP, it entered a scheduling order setting a discovery deadline of November 15, 2022, and a dispostive motion deadline of November 30, 2022. On October 14, 2022, BSHP served Mandawala with interrogatories and requests for production, and it requested that he make himself available for deposition on or before November 15, 2022. Mandawala did not respond to the discovery requests or to the request for his deposition. He also did not serve any discovery requests on BSHP.

On November 29, 2022, Mandawala moved for judgment on the pleadings, and BSHP moved for summary judgment on November 30, 2022. BSHP argued it was entitled to summary judgment because the discovery deadlines had passed, Mandawala had failed to respond to its discovery requests or proffer any discovery requests of his own, and he could not offer evidence to meet his burden of proof on any element of his sex discrimination and breach of contract claims. It also moved for sanctions on Mandawala for

his failure to cooperate in discovery and, in the alternative, to compel, to extend time, and for a continuance.

On December 2, 2022, BSHP received Mandawala's interrogatory responses. Seven days later, on December 9, 2022, Mandawala served BSHP with responses to its requests for production. BSHP filed amended motions for summary judgment on December 2 and December 14, 2022, respectively, which noted its receipt of the discovery responses and included them as exhibits. Other than noting and including Mandawala's late discovery responses, both amended motions are substantially the same as the initial motion for summary judgment.

Under the district's local rules, which provide a 14-day deadline for responses to dispostive motions, BSHP's response to Mandawala's motion for judgment on the pleadings was due on December 13, 2022, and his response to BSHP's initial summary judgment motion was due on December 14. *See* W.D. Tex. Loc. R. CV-7(D)(2). After neither party filed a response, the district court's staff separately contacted them to determine the reason for delay. Both parties stated that "they were under the impression that, because [BSHP] amended its motion twice, the deadline to respond was two weeks from the date the last amended motion was filed." Because of this confusion, the district court entered an order on December 16, 2022, extending the deadline to file responsive briefs until December 19, 2022. BSHP responded to the motion for judgment on the pleadings on the same day, and Mandawala responded to the summary judgment motion on December 19, 2022.

Mandawala's response did not address the merits of the summary judgment motion. It instead argued that BSHP had abused the discovery process by requesting information not relevant to his sex discrimination and breach of contract claims and requesting documents it already possessed, and

that it had filed untimely responsive pleadings. Mandawala did not rely on any evidence to support his response.

On December 21, 2022, the district court denied Mandawala's motion for judgment on the pleadings and granted in part and denied in part BSHP's summary judgment motion. It found that BSHP had met its summary judgment burden by pointing to the absence of evidence to support the elements of the sex discrimination and breach of contract claims, and that Mandawala had failed to satisfy his burden to demonstrate a genuine dispute of material fact. The district court explained that it had construed the amended motions for summary judgment "as advisories notifying the Court of Mandawala's late filed discovery responses, not as summary judgment evidence," but even if the untimely discovery responses were considered, they did not support the required elements of his claims.

On December 22, 2022, Mandawala filed a motion for reconsideration, and he filed an amended motion on December 27, 2022. He argued that BSHP impeded his ability to gather evidence to support his case by failing to return his telephone call about a discovery matter, he did not have enough time to adequately respond to BSHP's summary judgment arguments or to include evidence with his response to the motion for summary judgment, and the witnesses he intended to call at trial had information that could have defeated the motion for summary judgment. He attached new evidence to his motion for reconsideration, as well as the subpoenas he had served on his witnesses.

The district court construed Mandawala's motion as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) and denied it. It found that Mandawala had ample opportunity and time to collect evidence in discovery, depose witnesses, and prepare an adequate response to the summary judgment motion. It also found that the new evidence was

inadmissible for purposes of his Rule 59(e) motion because he failed to request a continuance under Rule 56(d) at the time of summary judgment and he did not show that the evidence was unavailable when he responded to the summary judgment motion. Even if admissible, however, the evidence would not have changed its summary judgment analysis.

## II.

Mandawala first argues that the decision to grant summary judgment was erroneous under Rule 56(d)(1) because the district court knew that both parties had witnesses available to testify at trial, but no testimony from those witnesses was included in the summary judgment record. He also argues that BSHP's summary judgment motion was filed in bad faith under Rule 56(h) and included false claims about his misconduct in the program. Lastly, he contends that the district court improperly denied his Rule 59(e) motion in light of his new evidence.[1]

## A.

"We review a grant of summary judgment de novo, applying the same standard as the district court." *Haverda v. Hays County*, 723 F.3d 586, 591 (5th Cir. 2013) (citing *Vaughn v. Woodforest Bank*, 665 F.3d 632, 635 (5th Cir. 2011)). Summary judgment is appropriate "if the movant shows that there is

---

[1]Although not listed in Mandawala's brief, as required by Federal Rule of Appellate Procedure 28(a)(5), the second and third issues are considered because both sides briefed them. *Grant v. Cuellar*, 59 F.3d 523, 525 (5th Cir. 1995) ("This Court has discretion to consider a noncompliant brief, and it has allowed *pro se* plaintiffs to proceed when the plaintiff's noncompliance did not prejudice the opposing party."); *see, e.g.*, *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988) (finding no prejudice from *pro se* plaintiff's noncompliance with Rule 28 where appellant had fully addressed the issue). Because he failed to address the listed issue concerning the district court's "ex parte" calls, however, Mandawala abandoned it. *See Justiss Oil Co. v. Kerr-McGee Refining Corp.*, 75 F.3d 1057, 1067 (5th Cir. 1996) ("When an appellant fails to advance arguments in the body of its brief in support of an issue it has raised on appeal, we consider such issues abandoned.").

no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"When a motion for summary judgment identifies an absence of evidence that supports a material fact on which the non-movant bears the burden of proof at trial, the non-moving party must set forth specific facts that show that there is a genuine issue for trial." *Ruiz v. Whirlpool, Inc.*, 12 F.3d 510, 513 (5th Cir. 1994). Rule 56 imposes no obligation for a court "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Smith ex rel. Estate of Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004) (citation omitted).

Mandawala contends that the district court prematurely granted summary judgment for BSHP. At a status conference two months before BSHP moved for summary judgment, both parties told the district court they expected to call approximately 13 witnesses at trial. Citing Rule 56(d), Mandawala argues the district court erred in granting summary judgment for BSHP without considering testimony from those witnesses. This argument is without merit.

We have long held that "Rule 56 does not require that any discovery take place before summary judgment can be granted; if a party cannot adequately defend such a motion, Rule 56[(d)][2] is [the] remedy." *Washington v.*

---

[2]Rule 56(f) was recodified as Rule 56(d) following the 2010 amendments. *See* Fed. R. Civ. P. 56(d) advisory committee's note to 2010 amendment.

*Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). Rule 56(d) provides that if a party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to the summary judgment motion, a district court may "defer considering the motion or deny it," "allow time to obtain affidavits or declarations or to take discovery," or "issue any other appropriate order." FED. R. CIV. P. 56(d). "Motions made under Rule 56(d) are broadly favored and should be liberally granted," but the party opposing summary judgment "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Renfroe v. Parker*, 974 F.3d 594, 600–01 (5th Cir. 2020) (quoting *Am. Fam. Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013)) (internal quotations omitted). At a minimum, the party "must indicate to the court by some statement, preferably in writing[,] . . . why he needs additional discovery and how the additional discovery will create a genuine issue of material fact." *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993) (emphasis omitted). The movant "must also have diligently pursued discovery." *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017) (quotations and citation omitted). "We review a district court's denial of a Rule 56(d) motion for abuse of discretion." *Biles*, 714 F.3d at 894.

Here, Mandawala did not file a Rule 56(d) motion or its functional equivalent following BSHP's motion for summary judgment. "[O]ur court has foreclosed a party's contention on appeal that it had inadequate time to marshal evidence to defend against summary judgment when the party did not seek Rule 56([d]) relief before the summary judgment ruling." *Fanning v. Metro. Transit Auth. of Harris County*, 141 F. App'x 311, 314–15 (5th Cir. 2005); *see Potter v. Delta Air Lines, Inc.*, 98 F.3d 881, 887 (5th Cir. 1996) (holding that party was "foreclosed from arguing that she did not have adequate time for discovery" because she did not move for a continuance). Although Mandawala asserts that he named witnesses in his initial disclosures

and served witness subpoenas, he failed to file a Rule 56(d) motion, request a continuance, or state that he needed additional discovery before the district court ruled on summary judgment. He has forfeited his argument that the district court prematurely granted summary judgment. *See United States v. Zuniga*, 860 F.3d 276, 284 n.9 (5th Cir. 2017) ("Failure to raise a claim to the district court 'constitutes a forfeiture, not a waiver, of that right for the purposes of appeal.'") (quoting *United States v. Chavez-Valencia*, 116 F.3d 127, 130 (5th Cir. 1997)).

## B.

Citing Rule 56(h), Mandawala contends that BSHP's motion for summary judgment was filed in bad faith. Under Rule 56(h), if a court determines that an affidavit or declaration filed with summary judgment "is submitted in bad faith," it "may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result." Fed. R. Civ. P. 56(h). "An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions." *Id.* We review the district court's decision whether to grant a remedy under Rule 56(h) for an abuse of discretion. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 349 (5th Cir. 2007).[3]

Here, Mandawala does not claim that he raised the issue of BSHP's bad faith in the district court or that he made any request to the district court for a remedy under Rule 56(h). He also fails to explain how the district court erred or abused its discretion. "A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on

---

[3]The rule on submitting an affidavit or declaration in bad faith in Rule 56(g) was recodified as Rule 56(h) following the 2010 amendments. *See* Fed. R. Civ. P. 56(h) advisory committee's note to 2010 amendment.

appeal—or by failing to adequately brief the argument on appeal." *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021); *see* Fed. R. App. P. 28(a)(8)(A) (requiring appellant's argument to contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which appellant relies"). "Although we liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28." *Cuellar*, 59 F.3d at 524 (footnote omitted). Consequently, Mandawala has forfeited this issue.[4]

## C.

Mandawala appeals the district court's denial of his motion for reconsideration under Rule 59(e). "When a district court is presented with new evidence in a Rule 59(e) motion to alter or amend, and the court denies the motion, the standard of review depends on whether the district court considered the new evidence in reaching its decision." *Grant v. Harris County*, 794 F. App'x 352, 358 (5th Cir. 2019) (unpublished) (citing *Templet v. Hydro-Chem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)). "If the materials were considered . . . and the district court still grants summary judgment, the appropriate appellate standard of review is de novo." *Catalyst Strategic Advisors, L.L.C. v. Three Diamond Cap. Sbc, L.L.C.*, 93 F.4th 870 (5th Cir. 2024) (quoting *Templet*, 367 F.3d at 477). "However, if the district court does not consider the evidence, the appropriate standard of review is abuse of discretion." *Luig v. N. Bay Enterprises, Inc.*, 817 F.3d 901, 905–06 (5th Cir. 2016) (citing *Templet*, 367 F.3d at 477). "[I]f it is unclear whether the district court considered

---

[4]Even assuming Mandawala could make the argument on appeal, he has not identified any affidavit or declaration that BSHP submitted in bad faith. *See* Fed. R. Civ. P. 56(h).

the new evidence, the court reviews the district court's denial of the Rule 59(e) motion for an abuse of discretion." *Grant*, 794 F. App'x at 358 (citing *Luig*, 817 F.3d at 905). "Under this standard of review, the district court's decision and decision-making process need only be reasonable." *Templet*, 367 F.3d at 477.

Here, the district court found that Mandawala's evidence in support of his motion for reconsideration was "neither admissible at this late stage, nor relevant to its summary judgment analysis" and it denied the motion. The denial of the Rule 59(e) motion is reviewed for abuse of discretion. *See Grant*, 794 F. App'x at 358 (explaining that the abuse of discretion applies if it is not clear whether the district court considered the new evidence in its Rule 59(e) decision).

Rule 59(e) "is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479. "[A] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)) (internal quotations omitted). "Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012).

Mandawala's Rule 59(e) motion asked the district court to consider new evidence that was not presented in his response to the motion for summary judgment. He claimed he was given only 48 hours to respond to the motion and did not have enough time to get exhibits filed because he relied

on public facilities to print documents. The district court denied the motion. It found that Mandawala had ample time to prepare an adequate response, explaining that after the 14-day deadline for responding to the motion had passed, it extended the response deadline, giving him "19 days to respond, not 48 hours." The district court also found that he did not move for a continuance under Rule 56(d) or request additional time to adequately oppose summary judgment prior to the ruling on the summary judgment motion, and he failed to show that the evidence was unavailable to him when he responded to the motion.

On appeal, Mandawala relies on the same evidence he attached to his Rule 59(e) motion, but he offers no basis for finding that the denial of the motion was unreasonable and an abuse of discretion. "We have held that an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479 (citing *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991)). The district court did not abuse its discretion in denying Mandawala's Rule 59(e) motion.

AFFIRMED.