2LeBLANC, Judge.
This appeal is from a jury verdict finding no fault on the part of defendants DJW Associates, Ltd. (DJW) or National Linen Service (National) and dismissing Rose and Sam Odom’s, plaintiffs, claims. From this verdict, plaintiffs appeal.
On December 16, 1987, Rose Odom and her family entered the Kentucky Fried Chicken restaurant owned and operated by defendant DJW. They ordered several items and sat in the dining area for a short time. Rose Odom then attempted to leave the store. The entrance and exit of the restaurant is through two pairs of double glass doors. Between the doors is a foyer area. The floor of the foyer is partially covered with a 4 feet x 6 feet mat supplied by; National.
As Rose Odom exited the store, carrying boxes and bags of chicken in both arms, she fell, injuring her neck and back. Mrs. Odom subsequently required neck and back surgery and has been diagnosed as having a neurogenic bladder. She claims the neck surgery, 50% of her back condition, and the resulting neurogenic bladder were caused by the fall on December 16,1987. Rose and her husband brought claims against defendants DJW and National. After trial, the jury returned a verdict in favor of defendants, dismissing all of plaintiffs’ claims. Plaintiffs filed a post-trial motion seeking a judgment notwithstanding the verdict (JNOV) and/or a new trial, which was denied. Plaintiffs now appeal and raise the following issues: 1) erroneous jury charges; 2) the denial of the motion for a JNOV and/or new trial; and 3) juror misconduct.
I.
Plaintiffs objected at trial, and assign as error, the trial court’s jury charge because it did not include instructions as to the shifting of the burden of proof provided by La. R.S. 9:2800.6 at the time of Mrs. Odom’s fall. This provision, effective July 18, 1988, provided that once the plaintiff proved that he suffered damages due to an accident which was caused by a hazardous condition, the burden of proof shifted to the merchant-defendant. The merchant-defendant could exculpate himself from liability by proving he acted in a reasonably prudent manner in exercising the duty of care he owed to persons on his premises. The amendment was applicable to all cases tried on or after July 18, 1988. In 1990 the statute was amended, deleting the burden-shifting language for all causes of action arising on or after September 1, 1990. However, because the cause of action in the instant suit arose on December 16, 1987, and was tried October 5-9, 1992, it is governed by the language of the 1988 statute. See, Hickman v. Albertson’s, Inc., 598 So.2d 1128, 1131 n. 1 (La.App. 2nd Cir.), writ denied, 600 So.2d 618 (1992).
Therefore, the jury should have been instructed in accordance with the 1988 statute. Although the jury was instructed concerning the legal principles of strict liability, we agree with the court in Hickman, 598 So.2d at 1131-32 n. 2, that this instruction did not provide the jury with sufficient guidance to overcome the omission of the burden-shifting language. The omission of a charge explaining applicable principles of law taints the presumption of regularity afforded a jury verdict. Stovall v. Shell Oil Co., 577 So.2d 732, 738 (La.App. 1st Cir.), writ denied, 582 So.2d 1309 (1991).
The general rule, first detailed in Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975), is that where an erroneous jury instruction is given that constitutes reversible error, the jury decision should be thrown out and the appellate court should undertake a de novo review of the record and implement its own judgment based on the evidence.[1]
II.
Testimony at trial established that on the date of the accident, Mrs. Odom entered the restaurant, placed an order and sat in the dining area. Mrs. Odom then attempted to exit the store, carrying boxes and bags of *1029 chicken in her hands in front of her chest. She pushed against the interior glass doors with her shoulder and back, took one or two steps into the foyer, and fell. She did not look at or see the mat before falling. She stated she did not know what made her fall. After her fall, she testified her feet were under the mat.
The mat delivered by National the day of the accident was 4 feet x 6 feet, brown in color, with a black border and black backing. DJW had contracted with National to provide linens and other supplies to the restaurant. As part of their service, National was to deliver a newly cleaned mat each week. Mr. Kurt Glynn testified he delivered the mat the day of Mrs. Odom’s accident. He testified it is his practice to check to insure the mat is not ragged or worn and, when placing the mat, to insure that it lays flat.
Mrs. Ketonia Diggs, the restaurant manager, testified the mat in the foyer was checked regularly and cashiers were instructed to straighten or flatten the mat if needed. After Mrs. uOdom reported her fall, Mrs. Diggs checked the mat to insure it was not out of place, and found it laying flat and smooth.
Mr. Bobby Hilton, who identified himself as a patron in the restaurant at the time of Mrs. Odom’s fall, also testified. Mr. Hilton did not identify himself to the Odoms at the time of the accident; however, he accidently bumped into the Odoms several weeks later and offered to testify. Mr. Hilton stated that immediately before Mrs. Odom’s accident, he entered the restaurant, tripped, and almost fell on the mat in the foyer. He testified the mat was ragged, but he did not attempt to straighten or smooth the mat after he allegedly tripped. According to Mr. Hilton, when he entered the restaurant he hollered out, in a loud voice for all to hear, that the mat in the foyer should be fixed. However, neither Mrs. Odom or any employee of Kentucky Fried Chicken present at the time, testified to having heard Mr. Hilton’s warning.
In addition, Mr. Hilton’s description of the mat differed from others who testified. Although others testified that the mat in the foyer on the day of Mrs. Odom’s accident was either brown or red with a black rubber backing, Mr. Hilton emphatically stated the mat had a gray foam, rather than black rubber, backing. This differing description leads us to question the accuracy of Mr. Hilton’s recollection of the events surrounding Mrs. Odom’s accident.
Considering the evidence as a whole, and Mrs. Odom’s own testimony that she was unsure of the cause of her fall, we find that Mrs. Odom failed to prove the accident was caused by a hazardous condition. Because we find Mrs. Odom, as plaintiff, failed to meet her initial burden of proof, the burden of proof did not shift to the defendant, to exculpate itself from liability.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court, at plaintiffs’ costs.
AFFIRMED.

. Discussion of the remaining assignments of error raised by the plaintiffs is pre'termitted by our setting aside of the jury verdict.