United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 5, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 07-30103
Summary Calendar

PROMISE BAILEY; GLORIA BAILEY,

Plaintiffs-Appellants,

v.

FRED'S STORES OF TENNESSEE INC,

Defendant-Appellee.

Appeal from the United States District Court for the
Middle District of Louisiana, Baton Rouge
3:05-CV-1198

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Promise Bailey and Gloria Bailey appeal

the district court's grant of summary judgment in favor of

Defendant-Appellee Fred's Stores of Tennessee Inc. ("Fred's Inc.")

in this slip and fall case. To prevail under the governing

Louisiana law, the plaintiffs must prove the existence of an

unreasonably dangerous condition, and that Fred's Inc. either

created the dangerous condition or had actual or constructive

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

knowledge of it prior to the incident.  We AFFIRM.

We review a grant of summary judgment *de novo*, using the same criteria as the district court.  *Hanks v. Transcontinental Gas Pipe Line Corp.*, 953 F.2d 996, 997 (5th Cir. 1992).  Summary judgment is appropriate if the record reflects "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  A court's role at the summary judgment stage is not to weigh the evidence or determine the truth of the matter, but rather to determine only whether a genuine issue exists for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  In diversity cases, such as this one, the substantive law of the forum state controls.  *See Erie R.R. Co. v. Tomkins*, 304 U.S. 64, 78 (1938).  This matter is governed by Louisiana Revised Statute, title 9, section 2800.6, "which places a heavy burden of proof on plaintiffs in claims against a merchant for damages arising out of a fall on the premises."  *Jones v. Brookshire Grocery Co.*, 847 So.2d 43, 48 (La. App. 2d Cir. 2003).

On September 16, 2004, Ms. Bailey sustained injuries when she slipped and fell in a store owned and operated by Fred's Inc. According to her deposition, Ms. Bailey saw an employee mopping an area of the store when she first entered, but not the area where she later fell.  She further states that she was in a hurry and wearing high heels, did not see anyone mopping in the area of her

2

fall, saw nothing on the floor where she fell, does not recall her clothing being soiled or stained by the fall, and does not know what caused her to fall. In Ms. Bailey's own words, "All I know is I was walking and I slipped. So I can't tell you what the cause of it was." A store employee, Joann Massey, states that the area where Ms. Bailey fell *had* been mopped, but that she does not recall how much time passed between the mopping and the fall, did not inspect the area after the fall, and does not know what the condition of the floor was at the time Ms. Bailey fell.

The Baileys filed this lawsuit in Louisiana state court, and Fred's Inc. removed the case to federal court. Fred's Inc. subsequently moved for summary judgment on November 16, 2006, and the district court granted the motion after the plaintiffs failed to respond within 20 days, dismissing the action with prejudice. On the Baileys' subsequent Motion to Vacate, the district court reviewed their proposed opposition and reaffirmed the grant of summary judgment.

In order to prevail under the governing Louisiana statute, the plaintiffs have the burden of proving that (1) the condition presented an unreasonable, reasonably foreseeable risk of harm, (2) Fred's Inc. either created or had actual or constructive notice of the condition, and (3) Fred's Inc. failed to exercise reasonable care. La. Rev. Stat. 9 § 2800.6(B). Because they would carry the evidentiary burden of proof at trial, the plaintiffs must produce factual support sufficient to establish that they will be able to

satisfy that burden in order to overcome Fred's Inc.'s motion for summary judgment. *See Row v. Pierremont Plaza, L.L.C.*, 814 So.2d 124 (La. App. 2d Cir. 2002).

Ms. Bailey fell while shopping in the Fred's Inc. store and sustained what were no doubt painful injuries, but she fails to produce any evidence that a hazardous condition existed, let alone the sort of unreasonable risk of harm, created by Fred's Inc., necessary to establish liability under the governing Louisiana statute. Indeed, as even Ms. Bailey concedes, the cause of her fall is unknown. Any suggestion otherwise would be mere speculation. *See Robinson v. Brookshires #26*, 769 So.2d 639, 642 (La. App. 2d Cir. 2000) (stating that "to avoid a summary judgment motion mere speculation or suggestion is not enough to meet the stringent burden imposed upon a plaintiff"). Given that there is no genuine issue as to any material fact, Fred's Inc. is entitled to summary judgment as a matter of law. *See* FED. R. CIV. P. 56(c).

For the foregoing reasons, we AFFIRM the district court.