STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-414


MELISSA BROUSSARD, ET AL.

VERSUS

RETAIL INVESTORS OF TEXAS, LTD, ET AL.


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2011-3104
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and John E. Conery, Judges.


AFFIRMED.


James R. Morris
Attorney at Law
2917 Ryan Street
Lake Charles, LA 70601
(337) 990-0256
COUNSEL FOR PLAINTIFF/APPELLANT:
    Melissa Broussard
    Jessica Broussard
    Ricky B. Broussard

Christopher P. Ieyoub
Plauche, Smith & Nieset, L.L.C.
P. O. Drawer 1705
Lake Charles, LA 70602
(337) 436-0522
COUNSEL FOR DEFENDANT/APPELLEE:
  New Hampshire Insurance  Company
  Retail Investors of Texas, LTD d/b/a Market Basket Food Stores, Inc.
  Jessica Austin

**SAUNDERS, Judge.**

This is a trip and fall case in which a grocery store patron fell near an employee who was using a work cart to clean shelves. The patron sustained injuries from her fall, and she and her family filed suit against the grocery store. Defendants filed a motion for summary judgment alleging that the danger was open and obvious and that plaintiffs cannot support the cause-in-fact element of their claim. The trial court granted the motion. The plaintiffs appeal. For the reasons discussed herein, we affirm.

FACTS AND PROCEDURAL HISTORY

Plaintiff, Melissa Broussard (hereinafter "Broussard"), was shopping at Market Basket, defendant's grocery store in Lake Charles, Louisiana, on July 12, 2010. She went into an area where a Market Basket employee was using a work cart to load and unload merchandise as he cleaned the store's milk shelves. The area was marked with a warning cone. It is Market Basket's policy to prevent patrons from entering such an area by marking it as dangerous and by having employees offer to retrieve the product for patrons. Broussard retrieved milk from the area herself, then tripped and injured her ankle. Broussard filed suit against the owner of Market Basket (hereinafter "Market Basket") alleging that her injury resulted from Market Basket's negligence.

Market Basket filed a motion for summary judgment on two grounds. First, Market Basket alleged that because the danger of the work cart was open and obvious, there was no issue of material fact as to the presence of an unreasonably dangerous condition. Second, Market Basket alleged that because Broussard testified during her deposition that she did not know what caused her fall, and because Broussard has presented no other evidence of causation, she cannot support the cause-in-fact element of her claim. The trial court granted the motion

in favor of Market Basket based on the latter argument regarding cause-in-fact. Broussard filed a motion for new trial. The trial court conducted an additional hearing, then dismissed the motion. Broussard now appeals the summary judgment.

ASSIGNMENT OF ERROR

On appeal, Broussard asserts that the trial court erred in granting Market Basket's motion for summary judgment.

LAW AND ANALYSIS

This court reviews summary judgments *de novo*. *Thibodeaux v. Lafayette Gen. Surgical Hosp.*, 09-1523 (La.App. 3 Cir. 5/5/10), 38 So.3d 544. Summary judgment "is designed to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966(A)(2). "The procedure is favored and shall be construed to accomplish these ends." *Id.* A motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

This court has stated, and the supreme court agreed, "[p]rovided that sufficient time for discovery has been allowed, we will assess the proof submitted by the parties in order to weed out meritless litigation, and to secure the just, speedy, and inexpensive determination of every action submitted for summary judgment." *Hardy v. Bowie*, 98-2821, pp. 5-6 (La. 9/8/99), 744 So. 2d 606, 610 (*quoting Hayes v. Autin*, 96-287, p. 7 (La. App. 3 Cir. 12/26/96), 685 So. 2d 691, 695, *writ denied*, 97-0281 (La. 3/14/97), 690 So. 2d 41).

The burden of proof is on the movant. However, as here, where the movant will not bear the burden of proof at trial, the movant's burden on the motion does

not require it to negate all essential elements of the adverse party's claim. The movant need only establish that there is an absence of factual support for one or more elements essential to the adverse party's claim. Thereafter, if the adverse party fails to produce factual support sufficient to establish that she will be able to meet her evidentiary burden of proof at trial, no genuine issue of material fact exists. La.Code Civ.P. art. 966(C)(2).

In this case, Broussard filed suit against Market Basket, alleging that the company's actions were negligent and that those actions resulted in her injury. Broussard bears the burden to prove this at trial. She must prove the following elements of merchant liability: (1) the condition presented an unreasonable risk of harm to the claimant and that risk was reasonably foreseeable; (2) the merchant either created or had actual or constructive notice of the condition; and, (3) the merchant failed to exercise reasonable care. La.R.S. 9:2800.6(B).

In addition, Broussard must prove the five elements of the well-established duty/risk analysis: (1) the defendant had a duty to conform his conduct to a specific standard; (2) the defendant failed to conform his conduct to the appropriate standard; (3) the defendant's conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's conduct was a legal cause of the plaintiff's injuries; and, (5) actual damages. *Berg v. Zummo*, 00-1699, (La. 4/25/01), 786 So.2d 708 (citing *Roberts v. Benoit*, 605 So.2d 1032 (La.1991) (on rehearing)).

Market Basket need only point out a lack of support for at least one of these elements. La.Code Civ.P. art. 966(C)(2). The burden then shifts to Broussard to show she can meet her evidentiary burden for that element. *Id*. If she cannot do so, summary judgment should be granted. *Id*.

Market Basket based its motion for summary judgment on two grounds. First, it alleged that Broussard is unable to show the work cart presented an

unreasonable risk of harm because it was open and obvious. Second, Market Basket alleged that Broussard cannot support the cause-in-fact element of the duty/risk analysis because she testified during her deposition that she did not know what caused her fall, and she has presented no other evidence of causation. The trial court granted summary judgment based on Broussard's inability to show evidentiary support for the cause-in-fact element. The trial court did not reach the merits of the issue of the condition being open and obvious. We will address the cause-in-fact issue first.

In support of its allegation that Broussard cannot meet the evidentiary burden for cause-in-fact, Market Basket offers the following testimony from Broussard's deposition:

Q: And tell us the mechanics of that. What caused you to trip?

A: I don't know what caused me to trip.

Q: Okay. You don't?

A: No, I don't.

Q: All right. Do you know if any part of your body hit any part of the cart?

A: Not that I know of.

Q: Okay. Have you spoken to anyone who said they witnessed the accident and saw what part of your body hit what part of the cart?

A: No.

Q: Okay. As you sit here today, Ms. Broussard, can you tell us under oath what you believe made you fall? I don't want you to guess.

A: Yeah.

Q: If you know, tell us.

A: No, I don't.

Q: Okay. Do you have any idea, Ms. Broussard, what happened to your ankle in order to injure it? In other words, some people say, "I rolled my ankle," or, "I caught it this way or that way." Do you know?

A: No, I don't.

Q: Okay. Is this a problem you think with your memory today? Did at one time you feel like you knew what happened and today you don't, or have you never known what happened?

A: No.

This testimony establishes that there is an absence of factual support for the cause-in-fact element of Broussard's claim. Therefore, the burden shifts to Broussard to produce factual support sufficient to establish that at trial, she will be able to meet her evidentiary burden of proving the work cart was a cause-in-fact of her injury. La.Code Civ.P. art. 966(C)(2). If she cannot do so, the motion for summary judgment must be granted. *Id.*

Broussard argues that Market Basket's above-stated policy constitutes circumstantial evidence that the work cart caused her to trip. Under the standard set forth by La.Code Civ.P. art. 966, we find this argument fails to show that Broussard can meet her evidentiary burden as to the cause-in-fact element of her claim. Market Basket's attempt to prevent patrons from tripping over the work cart through an internal policy does not constitute evidentiary support that Broussard tripped over the work cart.

Broussard also offers a sworn statement from a Market Basket manager stating that just after Broussard fell, Broussard told her that she had tripped over the cart. Such a statement does not carry Broussard's burden to show that evidentiary support for the cause-in-fact element of her claim exists. When moving for or against a motion for summary judgment, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is

5

competent to testify to the matters stated therein." La.Code Civ.P. art. 967. Austin was not present when Broussard fell and did not witness her fall. She came upon the scene shortly thereafter. Therefore, she does not have personal knowledge as to the cause-in-fact of Broussard's fall, and her testimony thereon may not be considered for the purpose of summary judgment. *Id.*

Furthermore, after more than two years of litigation, Broussard has failed to discover and offer any evidence of the cause of her injury. Sufficient time for discovery has been allowed and an element of Broussard's claim still cannot be met. Given Broussard's testimony that she does not know the cause-in-fact of her injury, coupled with the lack of other evidence as to causation, summary judgment is appropriate in this case.

The trial court granted summary judgment based on the absence of evidentiary support for causation, and we affirm its judgment on the same grounds. The trial court did not reach the issue of the open and obvious nature of the condition. However, this point is also sufficient grounds on which to affirm summary judgment.

In addition to an absence of evidentiary support for the cause-in-fact element of Broussard's claim, there is an absence of support for the existence of a condition presenting an unreasonable risk of harm to Broussard. Market Basket argues that the work cart was open and obvious to such a degree that it did not present an unreasonable risk under the merchant statue. Market Basket points out that the cart was large, uncovered, and accompanied by a clear warning cone.

In response, Broussard again invokes Market Basket's policy to prevent patrons from entering such an area, arguing that the policy indicates that such an area presents an unreasonably dangerous risk. We find this argument without merit. Market Basket's internal policy does not determine whether a reasonable

6

person would perceive a condition. We find that the work cart was so open and obvious that there exists no *genuine* issue of material fact as to whether it presented an unreasonable risk of harm.

## CONCLUSION

Melissa Broussard's assignment of error alleges that the trial court erred in granting Market Basket's motion for summary judgment. Because the standard of review for a motion for summary judgment is a *de novo* review of the record, we limit our discussion to whether the trial court properly granted the motion.

In conclusion, we find the evidence indicates that Melissa Broussard cannot establish that the work cart, or any action on the part of Market Basket, is a cause-in-fact of her injury. As such, she would be unable to carry her evidentiary burden at trial. Moreover, we find the evidence indicates that even were she able to support the cause-in-fact element of her claim, the condition was open and obvious to such a degree that she would be unable to show it presented an unreasonable risk of harm to her. On this point as well, she would be unable to carry her evidentiary burden at trial. Melissa Broussard has failed to raise a genuine issue of material fact as to the issue of cause-in-fact and as to the issue of unreasonable risk. Therefore, we **affirm** the trial court's ruling granting **summary judgment**. All costs of this appeal are assessed to Plaintiff, Melissa Broussard.

**AFFIRMED.**