# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30952
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 8, 2016

Lyle W. Cayce
Clerk

ATCHAFALAYA BASINKEEPER; LOUISIANA CRAWFISH PRODUCERS
ASSOCIATION - WEST,

        Plaintiffs - Appellants

v.

THOMAS P. BOSTICK, Lieutenant General, in his official capacity as Chief
of Engineers, U.S. Army Corps of Engineers; UNITED STATES ARMY
CORPS OF ENGINEERS,

        Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-649

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

      Plaintiffs–Appellants Atchafalaya Basinkeeper and Louisiana Crawfish
Producers Association-West filed suit against Defendants–Appellees United
States Army Corps of Engineers and Lieutenant General Thomas P. Bostick,

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

in his official capacity as Chief of the Engineers, relating to the Corps' authorization of a wetland-fill project in Louisiana's Atchafalaya Basin. Plaintiffs asserted that the Corps could not authorize the project under the Clean Water Act (CWA) and the National Environmental Policy Act (NEPA). Both parties subsequently moved for summary judgment. The district court ultimately granted summary judgment for the Corps, concluding that the Corps' authorization of the project did not violate the CWA or the NEPA. Plaintiffs moved for reconsideration of the district court's decision citing newly discovered evidence. Finding that Plaintiffs presented the same evidence and arguments as they had in their summary judgment briefing, the district court denied Plaintiffs' motion for reconsideration. Plaintiffs timely appealed that denial. For the following reasons, we AFFIRM the Order and Reasons denying reconsideration.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The instant appeal arises from a suit filed by Plaintiffs–Appellants Atchafalaya Basinkeeper and Louisiana Crawfish Producers Association-West (collectively, Plaintiffs) against Defendants–Appellees United States Army Corps of Engineers and Lieutenant General Thomas P. Bostick, in his official capacity as Chief of the Engineers (collectively, Corps) on March 20, 2014. The suit challenged the Corps' 2012 decision to authorize Expert Oil & Gas's (Expert Oil) request to build a ring levee and access road in the Atchafalaya Basin to facilitate Expert Oil's drilling of an oil well. Plaintiffs claimed that Expert Oil's project impaired their recreational, commercial, and aesthetic enjoyment of the Atchafalaya Basin by blocking navigation and fishing in the area. As relevant to this appeal, Plaintiffs argued that the project could not have been authorized under the NEPA or under the terms of a regional general permit issued by the Corps—pursuant to the CWA—that regulated the construction of oilfield facilities in the wetlands of the Atchafalaya Basin

(NOD-13 or the General Permit).[1]  In particular, Plaintiffs alleged that the project did not meet special conditions set forth in the General Permit limiting the scope of work the Corps could authorize, because the project (1) involved work within a mile of a wildlife management area, (2) intruded upon a critical habitat of the Louisiana Black Bear, (3) would lead to the construction of a permanent road, and (4) was contiguous to a previously authorized project, namely a road built in 2000.  Plaintiffs sought declaratory and injunctive relief and vacatur of the Corps' authorization on the grounds that the authorization was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, in violation of 5 U.S.C. § 706(2)(A).[2]

Plaintiffs moved for summary judgment on their claims on February 26, 2015, reiterating the arguments pressed in their Complaint.  As part of their motion for summary judgment, Plaintiffs proffered arguments and exhibits to bolster their assertions that Expert Oil's construction project was not authorized by the General Permit.  Plaintiffs specifically adduced (1) a note allegedly showing that the Corps recognized Expert Oil's access road would be permanent; (2) maps showing that a wildlife management area was located within a mile of the project site; and (3) affidavits attesting that the 2012

---

[1] Under 33 U.S.C. § 1344(e)—a subsection of the CWA—the Corps may issue what are known as "general permits" on a "state, regional, or nationwide basis," which allow a category of activities that discharge dredged or fill material into the navigable waters of the United States, like the Atchafalaya Basin.  33 U.S.C. § 1344(e).  General permits may only be granted where the Corps concludes, after notice and opportunity for public hearing, that the activities in question will have minimal adverse effects on the environment, both cumulatively and separately.  *Id.* § 1344(e)(1).  General permits are valid for five years, after which they may be revoked or modified upon another opportunity for public hearing.  *Id.*  The General Permit at issue here was first issued by the Corps' New Orleans District Office in 1981 and includes a number of special conditions on any approval of oil drilling associated work in the wetlands of the New Orleans District.

[2] Plaintiffs also asserted NEPA and CWA causes of action related to the Corps' alleged failure to hold a hearing or to provide public notice as to the authorization of Expert Oil's construction project.  Because these claims are not relevant to the instant appeal, we do not discuss them further.

project was contiguous to a road built in 2000 that interfered with boat access in the area. The Corps subsequently filed a cross-motion for summary judgment, arguing that Plaintiffs lacked standing and, alternatively, that Plaintiffs' claims were barred by laches or unfounded as a matter of law.

On June 19, 2015, the district court entered its order on summary judgment, concluding that Plaintiffs had standing and that their claims were not barred by laches but rejecting Plaintiffs' CWA and NEPA claims on the merits. With respect the General Permit, the court found that the construction project did not violate the General Permit and rebutted a number of Plaintiffs' arguments. In particular, the court concluded that: (1) Expert Oil's allegedly permanent road could, in fact, be degraded and removed; (2) the Corps owned the portion of the wildlife management area near the project site; (3) the placement of Expert Oil's road contiguous to the 2000 road was permissible under the terms of the General Permit because it presented the "least damaging practicable alternative"; and (4) the project site did not encompass the habitat of the Louisiana Black Bear. The district court entered judgment on July 1, 2015, dismissing Plaintiffs' suit with prejudice.

Plaintiffs initially filed their motion for reconsideration on July 30, 2015,[3] claiming that the Corps failed to inform the court that the contiguous road built in 2000 had never been broken down and that the Corps did not actually manage the portion of the wildlife management area near the project site despite owning that land. Plaintiffs also asserted that work on the Expert

---

[3] Plaintiffs refiled the motion on August 7, 2015, because of a deficiency in the initial motion. The district court looked at the date of the initial filing, however, and determined that Plaintiffs' motion for reconsideration was filed pursuant to Federal Rule of Civil Procedure 59(e) rather than Federal Rule of Civil Procedure 60(b). *Compare* Fed. R. Civ. P. 59(e) (dealing with motions filed within 28 days from the entry of judgment), *with* Fed. R. Civ. P. 60(b) (dealing with motions filed more than 28 days but less than one year from the entry of judgment). Neither party takes issue with the district court's characterization of the motion for reconsideration, so we accept that the motion was filed pursuant to Rule 59(e).

Oil project was affecting a nearby Louisiana Black Bear habitat.  In support of their motion, Plaintiffs attached maps and pictures of the 2000 road work, a map showing the nearby wildlife management area, and a copy of a webpage stating that the Corps owned land in the Atchafalaya Basin but that the land was managed by the Louisiana Department of Wildlife and Fisheries.

The district court denied Plaintiffs' motion for reconsideration on September 23, 2015.  The district court found that Plaintiffs did not adduce any previously unavailable evidence, demonstrate a manifest error of law or fact in the district court's original order, or provide evidence that the Corps actually misrepresented or withheld evidence.  Moreover, the district court noted that the exhibits attached to the motion for reconsideration provided information similar to evidence that the district court had previously considered in ruling on summary judgment.  Plaintiffs timely appealed the district court's order denying their motion for reconsideration.

## II. STANDARD OF REVIEW

In general, the "grant or denial of a Rule 59(e) motion is reviewed for abuse of discretion."  *Fletcher v. Apfel*, 210 F.3d 510, 512 (5th Cir. 2000).[4] "Under this standard of review, the district court's decision and decision making process need only be reasonable."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004).  We have noted that Rule 59(e) motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."  *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotation marks and citation omitted).  In light of this narrow purpose, we have further observed that "[r]econsideration

---

[4] However, "if a party appeals from the denial of a Rule 59(e) motion *that is solely a motion to reconsider a judgment on its merits, de novo* review is appropriate."  *Fletcher*, 210 F.3d at 512 (first emphasis added).  Plaintiffs' motion was not *solely* to reconsider the district court's judgment on its merits.

of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.    Accordingly, a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.*

## III. DENIAL OF THE MOTION FOR RECONSIDERATION

On appeal, Plaintiffs only challenge the district court's denial of their motion for reconsideration based on new evidence, not the underlying merits of the district court's summary judgment order.  In particular, Plaintiffs argue that the district court failed to consider newly submitted evidence by Plaintiffs that showed that the Corps materially misrepresented various facts to the district court.  We find, however, that the district court did not abuse its discretion in denying Plaintiffs' motion for reconsideration pursuant to Rule 59(e).

Plaintiffs did not point to any "manifest errors of law" in moving for reconsideration, but instead presented what they deemed "newly discovered evidence," allegedly demonstrating that the Corps made material misrepresentations to the district court. *Waltman*, 875 F.2d at 473.  Plaintiffs' arguments both at the district court and here on appeal are unavailing.  A review of the evidence in question demonstrates that it was a recitation of information that Plaintiffs had already included in their summary judgment briefing and of which the district court was already made aware.  On appeal, Plaintiffs assert that the newly discovered evidence shows that (1) a wildlife management area is near Expert Oil's project, (2) a permanent elevated road built in 2000 is near the project and blocks access for fishermen in the area, and (3) the project affects a critical habitat for the Louisiana Black Bear. Plaintiffs also point to maps, affidavits, and the Corps' own documents allegedly indicating that the Corps knew of—but failed to inform the district

court of—problems with the permanence of Expert Oil's project and the road contiguous to the project.

This evidence is not new. Plaintiffs submitted similar maps and affidavits in support of their motion for summary judgment. And the district court was aware of and recognized the points raised by this evidence in its summary judgment order, addressing therein the alleged permanence of Expert Oil's project, the 2000 road contiguous to the project, and the nearby wildlife management area. Moreover, while Plaintiffs assert that new evidence showed the project's effect on a critical habitat of the Louisiana Black Bear, Plaintiffs did not support this assertion with any evidence as part of their motion for reconsideration and do not do so now on appeal. It is clear then that Plaintiffs' motion for reconsideration did not seek to present new evidence but rather sought to rehash points and arguments already presented at summary judgment briefing. This is not enough to require a district court to exercise the "extraordinary remedy" of reconsidering its order entering judgment. *Templet*, 367 F.3d at 479. The district court therefore did not abuse its discretion in denying Plaintiffs' motion for reconsideration.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the Order and Reasons denying reconsideration.